# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JUAN CARLOS ALMONTE,**

    **Plaintiff,**

**vs.**                                                                              **Case No.  4:23cv031-WS-MAF**

**LAURA TAYLOR SWAIN,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This case has been opened based upon receipt of a rambling and illegible letter from a prisoner in the Great Meadow Correctional Facility in New York.  The letter begins: "A message to the world . . . ."  ECF No. 1 at 1.  A diligent Clerk of this Court has been able to decipher Plaintiff's name and the name of a supposed Defendant.  The Court, however, is unable to decipher any claim, any basis for proceeding in a federal court in Florida, or any request for relief.  Plaintiff's handwriting is virtually unreadable, made worse by the fact that he has used virtually every inch of the page.  If Plaintiff desires to proceed in this Court, he must submit a proper complaint, on the form required to be used in this Court.

Furthermore, any such complaint which may be filed in the future must clearly articulate a basis for filing his case in this Court. Judicial notice is taken that Plaintiff has previously attempted to file cases in this Court while incarcerated in New York. Each case was transferred to a District Court in New York because venue is not appropriate here. *See* case number 4:19cv174-RH-CAS (transferred on June 11, 2019); case number 4:20cv197-TKW-MAF(transferred on May 18, 2020). It is more likely than not that Plaintiff should voluntarily dismiss this case and re-file it in the New York where he is incarcerated.

Moreover, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion. Because Plaintiff has previously filed numerous other cases in federal court, he is certainly aware of that requirement. There is no need, however, to provide additional time for Plaintiff to submit an in forma pauperis motion because Plaintiff is barred from proceeding in this case without full payment of Court's filing fee - $402.00.

As Plaintiff should be well aware, 28 U.S.C. § 1915(g) prohibits a prisoner from filing civil lawsuits or appeals without full prepayment of the filing fee if the prisoner has had three prior cases or appeals dismissed because the cases were frivolous, malicious, or failed to state a claim upon

which relief may be granted, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court has taken judicial notice of Plaintiff's prior litigation within the Southern District of New York.

Case number 1:21cv07414-LTS was dismissed on September 27, 2021, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). That case counts as a strike. Case number 1:21cv06960-LLS was dismissed on October 8, 2021, also pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) - for failing to state a claim and seeking monetary relief from a defendant who is immune from such relief. That counts as Plaintiff's second strike. Case number 1:21cv06062-LTS was dismissed on October 1, 2021, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). That case counts as Plaintiff's third strike. Because Plaintiff is barred by the "three strikes" provision of § 1915(g), he cannot proceed in this Court without clear factual allegations which demonstrate he faces imminent danger of serious physical injury. The reality is that any such claim, if true, would necessarily need to be filed in New York because no Defendant located in Florida is in a position to harm Plaintiff in another state. Plaintiff's "message to the world" is not a claim that can proceed under § 1915(g). This case should be dismissed without

prejudice to Plaintiff's ability to re-file another case which is presented on the Court's complaint form, which asserts clear, legible factual allegations, and which properly demonstrates that venue is appropriate in this Court. Plaintiff must simultaneously pay the full $402.00 filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  *Id.*; *see also* Daker v. Ward, 999 F.3d 1300, 1310 (11th Cir. 2021).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 20, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.